IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-00251-01-CR-W-BP |
| | ) | |
| RANDY R. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On July 15, 2016, a criminal complaint was filed against defendant Randy R. Smith. On August 9, 2016, the Grand Jury returned a one count indictment against defendant Smith charging defendant with being a felon in possession of a firearm.

On August 19, 2016, defense counsel filed a Motion for Determination of Competency. Counsel requested that the Court order a psychiatric or psychological examination of defendant regarding defendant's mental ability to understand the proceedings against him and to properly assist his counsel in his own defense. On September 2, 2016, the Court ordered that defendant undergo a psychiatric or psychological examination.

Defendant Smith was examined at the Federal Correctional Institution in Fort Worth, Texas. On November 15, 2016, a Psychological Evaluation was filed with the Court. The Psychological Evaluation was prepared by Robert Johnson, Ph.D., Licensed Psychologist. In clinical interviews with defendant Smith, Dr. Johnson found that Smith showed a sufficient factual understanding of the legal proceedings, that he showed a sufficient rational understanding of the legal proceedings, and that he had the ability to properly assist counsel. (Psychological Evaluation (doc #23) at 9 and 10) The evaluation concluded:

> The defendant does not appear to suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense.

(Psychological Evaluation (doc #23) at 10)

On December 8, 2016, a competency hearing was held before the undersigned. Defendant Smith appeared with counsel, Jeffrey Gedbaw. The government was represented by Assistant United States Attorney Patrick Edwards. The only evidence presented at the hearing was the Psychological Evaluation prepared by Robert Johnson, Ph.D., Licensed Psychologist.

As set forth above, Dr. Johnson opined that "[t]he defendant does not appear to suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense." (Doc #23 at 10)

Based upon the information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Randy R. Smith is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceedings against him or assisting in his defense.

While counsel would normally have fourteen days from the date of this Report and Recommendation within which to file and serve objections, counsel advised the Court at the competency hearing that they wished to waive their right to file objections. The Court notes that a failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on grounds of plain error or manifest injustice.

                                             */s/ Sarah W. Hays*
                                            SARAH W. HAYS
                                    UNITED STATES MAGISTRATE JUDGE